DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after a jury found defendant-appellant, Jackie Rollins, guilty of aggravated robbery in violation of R.C. 2911.01 (A)(1) and guilty of felonious assault in violation of R.C. 2903.11 (A)(2). From that judgment, appellant raises the following assignments of error on appeal:
"First Assignment of Error
 DEFENDANT-APPELLANT'S CONVICTION [SIC] ARE SUPPORTED BY INSUFFICIENT EVIDENCE AND IS [SIC] THEREFORE A DENIAL OF DUE PROCESS.
"Second Assignment of Error
 DEFENDANT-APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"Third Assignment of Error
 INSOFAR AS ANY ERROR COMPLAINED OF WAS NOT ADEQUATELY PRESERVED BELOW, DEFENDANT — APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
On October 7, 1998, appellant was indicted and charged with aggravated robbery and felonious assault as a result of an incident that occurred on or about September 21, 1998. The case proceeded to trial on January 26, 1999 at which the following evidence was adduced.
Richard Sibbersen testified that on September 21, 1998, he was at Wolff's bar with Steven Upham. At approximately 9:30 p.m., he and Upham left Wolff's bar, drove to the Irish Buffalo bar nearby and parked in a parking lot across the street. When they exited the car, two men approached them in the parking lot. Sibbersen testified that one of the men was Ernest Szymanski, an individual whom Sibbersen had known for a long time, but he did not know the second individual. In court, however, Sibbersen identified appellant as the second individual who had approached him that night. Sibbersen further testified that Szymanski then asked him if he could borrow a dollar. Sibbersen then removed his money from his pocket in order to give Szymanski a dollar, but while he was looking down, the second individual sliced his throat with a sharp object and grabbed the approximately $120 he had in his hand. Szymanski and the second individual then ran away. Sibbersen testified that he was bleeding badly from the wound and that Upham took him to the hospital where he received approximately twenty-seven stitches. Sibbersen reported the incident to the police and subsequently was contacted by Detective Daniel Navarre. Detective Navarre showed Sibbersen a photo array of six individuals who were similar in appearance. The photo array included appellant and, upon seeing the array, Sibbersen immediately identified appellant as the assailant.
Upon cross-examination, Sibbersen admitted that he was not employed and that he had sold drugs in the past. He further admitted that he had been convicted of attempted drug trafficking at one time, had spent time in prison for that offense, was familiar with drug sales and had used drugs in the past. In discussing the night of the assault, Sibbersen admitted that he had consumed approximately six beers in the two and one-half hour time period prior to the incident. He insisted, however, that he had not used drugs for approximately one year, had not sold drugs for about five years and did not leave Wolff's tavern in order to sell cocaine to Szymanski. He further insisted that the incident was not a drug deal gone bad and that he had not provoked anyone or threatened anyone.
The state next called Detective Daniel Navarre to testify. Navarre confirmed Sibbersen's account of his identification of appellant through the photo array. He further testified that he had interviewed Sibbersen and Steve Upham and that their stories regarding the events of September 21, 1998 were consistent.
The state then rested and appellant moved for a judgment of acquittal. The motion was denied and appellant called Ernest Szymanski as his sole witness. Szymanski testified that the day before the trial in this case, he pled guilty to conspiracy to commit robbery in connection with the assault on Sibbersen. He further testified to the events of September 21, 1998 as follows. During the morning of the day in question, Szymanski ran into Sibbersen and Michael Houka at a 7-Eleven store near Szymanski's home. Sibbersen and Houka were using the pay phone. Subsequently, Szymanski, Sibbersen, Houka and a friend of Szymanski's named Clint, spent several hours driving to various locations in an attempt to find a digital scale. Szymanski testified that Sibbersen and Houka had one ounce of cocaine that they wanted to weigh and distribute. Thereafter, at approximately 3:00 p.m. Szymanski and Clint dropped Sibbersen and Houka off at the East Broadway bar. Then, at about 4:30 p.m., Szymanski and Clint returned to the East Broadway bar where Clint purchased cocaine from Sibbersen. Szymanski then testified that later on that evening, he met up with appellant at appellant's house. Appellant had $400 and wanted to purchase cocaine. Szymanski then paged Sibbersen because he knew that Sibbersen had cocaine earlier in the day. Mike Houka returned the call and the parties agreed to meet at the Irish Buffalo parking lot. Szymanski insisted that Mike Houka, not Steve Upham, was the individual with Sibbersen that night. Approximately, fifteen minutes later, Szymanski and appellant were in the parking lot when Sibbersen and Houka drove in. Szymanski testified that Sibbersen and appellant got into an argument over their exchange of cocaine and money and so Szymanski left and went back to appellant's house. He then stated that fifteen minutes later, appellant returned to the house with approximately one-half of an ounce of cocaine. Upon cross-examination, Szymanski admitted that after he had set up the meeting with Sibbersen and Houka, he and appellant discussed taking the cocaine from Sibbersen. However, Szymanski then told appellant that they could not do that because he had known Sibbersen since childhood. Szymanski testified that after their discussion, he believed that appellant understood that they would not steal the cocaine from Sibbersen.
The defense then rested and the state called Detective Navarre in rebuttal. Navarre testified that on the street one-half of an ounce of cocaine costs about $800.
After hearing the evidence, the jury found appellant guilty of both aggravated robbery and felonious assault and the court sentenced appellant to four years incarceration on each count, the sentences to be served concurrently. It is from that judgment that appellant now appeals.
The first and second assignments of error will be discussed together. Appellant asserts that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.
The Supreme Court of Ohio has ruled that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v.Thompkins (1997), 78 Ohio St.3d 380, 386. "Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of a crime.Id. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. However, under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. Thompkins, supra, at 387. The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. Since appellant's assignments of error encompass both sufficiency and manifest weight issues, we must apply both standards.
Appellant was convicted of aggravated robbery in violation of R. C. 2911.01 (A)(1) and felonious assault in violation of R.C. 2903.11
(A)(2). R.C. 2911.01 (A)(1) reads:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
R.C. 2903.11 (A)(2) provides:
"(A) No person shall knowingly:
"* * *
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
Upon a review of the evidence presented in the trial below, and in light of the applicable standards, we conclude that the verdicts were supported by sufficient evidence and were not against the manifest weight of the evidence. Sibbersen and Szymanski relayed two very different versions of the events of September 21, 1998. The jury chose to believe Sibbersen. Questions regarding the credibility of witnesses are matters left to the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. Moreover, the record does not present us with the type of situation contemplated in Thompkins in which the jury clearly lost its way in resolving conflicts in evidence. The first and second assignments of error are not well-taken.
In his third assignment of error, appellant contends that any failure of his trial counsel to adequately preserve prejudicial error for appellate review amounted to ineffective assistance of counsel. Appellant has not, however, identified any specific instance of counsel ineffectiveness in support of his assignment of error. Accordingly, in light of Strickland v.Washington (1984), 466 U.S. 668, he has failed to raise any arguable issue for appeal. The third assignment of error is not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Richard W. Knepper, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.